UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TONI DEMYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:17-cv-02130-AGF |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Tony Demyers for leave to file a third amended complaint. ECF No. 31. Defendants City of St. Louis, Dale Glass, and Christopher Lee Jones oppose the motion.[1] For the reasons set forth below, the motion for leave to file a third amended complaint will be granted.

## BACKGROUND

Plaintiff, through counsel, filed this civil rights action on June 5, 2017, in the Circuit Court for the City of St. Louis, Missouri, alleging constitutional violations stemming from a sexual assault that occurred while she was a pretrial detainee. On July 24, 2017, the action was removed to this Court and, on July 31, 2017, Defendants City of St. Louis, Dale Glass, and Christopher Lee Jones ("City Defendants") filed a motion to dismiss. On August 14, 2017, Plaintiff, with consent from City Defendants, sought leave to file a first amended complaint, which was granted by the Court. Plaintiff then sought leave to file a

---

[1] Defendants Vernon Betts and Jeffrey Carson did not file an opposition to the motion for leave to file a third amended complaint, but instead filed a motion to dismiss the second amended complaint on January 30, 2018. ECF No. 39.

second amended complaint on November 3, 2017, and again sought leave on December 4, 2017. This most recent motion for leave is before the Court.

In her third amended complaint, Plaintiff claims that all Defendants permitted a "food for sex" custom and practice to persist, failed to properly train the City's officers to recognize and prevent sexual abuse and harassment, and implemented a transport policy that enabled officers to isolate and sexually assault female inmates. City Defendants oppose the motion for leave to file a third amended complaint, arguing that Plaintiff has repeatedly tried and failed to cure deficiencies present in her complaint, and that the proposed amendment would be futile. In support, City Defendants point to their motion to dismiss the second amended complaint, filed on November 21, 2017. City Defendants argue, inter alia, that Plaintiff fails to state a claim for municipal liability because the Eighth Circuit has held that an alleged failure to train officers not to engage in sexually deviant behavior is not actionable under Section 1983. They further contend that Plaintiff failed to allege that Defendant Glass participated in the sexual assault or otherwise failed to train or supervise in his individual capacity, and that Defendant Glass is entitled to qualified immunity. ECF No. 28.

## DISCUSSION

Under Federal Rule of Civil Procedure 15(a), a court "should freely give leave [to amend pleadings] when justice so requires." Notwithstanding this liberal standard, a court may deny leave to amend where the proposed amendment would be futile or cause unfair prejudice to the opposing party. *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 358 (8th

Cir. 2011).

Here, it is not clear that permitting Plaintiff to file a third amended complaint would be futile. The third amended complaint appears to address the deficiencies pointed out in City Defendants' most recent motion to dismiss and more clearly states Plaintiff's cause of action against Defendants. Moreover, the case law is clear that "a prison official can be liable under § 1983 for exhibiting deliberate indifference to a substantial risk that a detainee would be sexually assaulted by a guard," *Kahle v. Leonard*, 477 F.3d 544, 554 (8th Cir. 2007), and Plaintiff's third amended complaint plausibly suggests that Defendants were aware of a substantial risk that she would be sexually assaulted and in fact were deliberately indifferent to a "food for sex" custom in the prison. Further, Plaintiff's complaint contains allegations of deliberate indifference on the part of Defendant Glass, as well as his role creating policies, customs, and procedures that were inherently defective in their ability to protect Plaintiff's constitutional rights. However, Defendants are not precluded from filing a motion to dismiss the third amended complaint.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file a third amended complaint is **GRANTED**. ECF No. 31. The Clerk of Court shall re-file ECF No. 33 as Plaintiff's Third Amended Complaint.

**IT IS FURTHER ORDERED** that all pending motions to dismiss are **DENIED as moot**. ECF Nos. 28 and 39.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of March, 2018.