UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TONI DEMYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-02130-AGF |
| | ) |
| CHRISTOPHER LEE JONES, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter comes before the Court on the motion to dismiss filed by Defendants Dale Glass ("Glass"), Vernon Betts ("Betts"), and Christopher Lee Jones, in their official capacities only, and Defendant Jeffrey Carson ("Carson") in his individual and official capacity (collectively, "Defendants").[1] Plaintiff opposes the motion. For the reasons set forth below, the motion to dismiss will be granted in part and denied in part.

## BACKGROUND

Plaintiff filed her complaint in the Circuit Court of St. Louis City, Missouri, asserting claims under the Eighth and Fourteenth Amendments and 42 U.S.C. § 1983, as well as state law intentional tort allegations for damages. ECF No. 3. Defendants removed the action to this Court on the basis of federal question and supplemental jurisdiction on July 24, 2017. ECF No. 1. Plaintiff amended her complaint several times, the most recent being filed on March 5, 2018. In her third amended complaint, Plaintiff alleges that on April 20, 2017, she was sexually assaulted while in custody by Defendant

---

[1] Plaintiff also named as a Defendant the City of St. Louis.

Christopher Lee Jones, a deputy sheriff.  She alleges that Defendants had a policy that allowed for the transportation of female detainees by male guards without a female guard or other inmates accompanying them, which created an excessive risk of sexual assault or abuse to female inmates.  She claims that Defendants knew or should have known of an unofficial "sex for food" policy in the facility, and she alleges Defendants failed to provide its officers or guards with training on how to identify or prevent sexual harassment or abuse committed against detainees.

Defendants filed this motion to dismiss on three grounds: (1) Plaintiff's official capacity § 1983 claims against Defendants Glass, Carson, and Jones are redundant of the claims alleged against the City of St. Louis; (2) Plaintiff's third amended complaint fails to state a claim against Defendant Carson in his individual capacity because he was not the superintendent of the facility at which Plaintiff was being held and because the general responsibility of supervising the operations of a prison is insufficient to establish personal involvement required to support liability under §1983; and (3) to the extent Plaintiff asserts state law claims against the individual Defendants in their official capacities, those claims are barred by sovereign immunity.

Plaintiff responds that the claims are not redundant because she sued the officers in their individual and official capacities, not solely their official capacities.  She further argues that any issues as to Defendant Carson's employment location and the relationship between that facility and the facility in which Plaintiff was detained is a question of fact to be resolved on a motion for summary judgment.  Lastly, she contends that sovereign

immunity is not applicable to Plaintiff's claims because she was deprived of a constitutional right.

## **DISCUSSION**

To survive a motion to dismiss for failure to state a claim, Plaintiff's allegations must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Id*.

The reviewing court must accept the plaintiff's factual allegations as true and construe them in Plaintiff's favor, but it is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Iqbal*, 556 U.S. at 678; *Retro Television Network, Inc. v. Lukien Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012). A court must "draw on its judicial experience and common sense," and consider the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Grp.* 592 F.3d 893, 896 n. 4 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

To Defendants' first point, a § 1983 suit against an officer in his official capacity is functionally equivalent to a suit against the employing governmental entity. Thus, the Court will dismiss without prejudice the § 1983 claims against Glass, Carson, and Jones, in their official capacities, as these claims are redundant of the § 1983 claims asserted against the City of St. Louis. *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (dismissing § 1983 claims against public officials in their official

3

capacities as redundant of § 1983 claims made against the governmental entity); *Brown v. City of Ferguson*, No. 4:15CV00831 ERW, 2015 WL 4393960, at *1 (E.D. Mo. July 16, 2015) (same).

As to Plaintiff's claims against Carson in his individual capacity, generally, prison supervisors such as Carson cannot be held liable under § 1983 on a theory of respondeat superior. *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010). Supervisors can, however, "incur liability . . . for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of the violative practices." *Id.* Plaintiff's complaint generally alleges that all Defendants knew or were aware that there had been physical and sexual assaults committed by correctional officers, deputies, and other employees upon detainees and inmates under Defendants' custody and control, and that there was a serious risk in allowing the transportation of female detainees by male guards without a female guard. The third amended complaint contains allegations that Defendants failed to take corrective action by implementing or modifying their policies to address the known risk. At this early stage of litigation, the third amended complaint contains allegations against Carson sufficient to survive a motion to dismiss. Furthermore, whether Carson was the superintendent of the facility at which Plaintiff was held is an issue of fact that cannot be resolved on this motion to dismiss record.

Lastly, Defendants allege that to the extent Plaintiff asserts state law claims against the individual Defendants in their official capacities, those claims are barred by sovereign immunity. While the complaint initially filed by Plaintiff in state court

included a count of an intentional tort in violation of state law, Plaintiff's third amended complaint does not appear to contain any state law claims; nor does Plaintiff argue that she is asserting any state law claims in her opposition to the motion to dismiss. Thus, Defendant's motion to dismiss on this point will be denied as moot.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss is **DENIED in part** and **GRANTED in part** as set forth above. ECF No. 46. Plaintiff's claims against Defendants Glass, Carson, and Jones in their official capacities only are **DISMISSED without prejudice**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 14th day of May, 2018.