UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TONI DEMYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:17-cv-02130-AGF |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER DENYING MOTION TO DISMISS AND AMENDING CASE MANAGEMENT ORDER**

This matter is before the Court on Defendants' motion to dismiss for failure to prosecute (ECF No. 64) and Plaintiff's motion to amend the Case Management Order (ECF No. 66). Plaintiff opposes the motion to dismiss, and Defendants did not respond to Plaintiff's motion to amend. For the reasons set forth below, the Court will deny Defendants' motion to dismiss and grant in part Plaintiff's motion to amend.

**BACKGROUND**

On June 5, 2017, Plaintiff brought this action in Missouri state court, in which she asserts that she was sexually assaulted while in custody by Defendant Christopher Jones, in violation of 42 U.S.C. § 1983 and Missouri law. Defendants timely removed the action to federal court on July 24, 2017.

On June 29, 2018, following a series of motions to dismiss and amended complaints, the Court entered a Case Management Order, which contained deadlines for mediation (October 31, 2018) and completion of discovery (January 30, 2019). The

parties, either jointly or by consent, requested two extensions of time for completing mediation to allow the parties to conduct necessary discovery. ECF Nos. 56 and 58. On January 28, 2019, the Court issued an electronic notice of noncompliance for failure to timely file a designation of neutral report. ECF No. 63.

On January 30, 2019, Defendants filed the instant motion to dismiss for failure to prosecute, arguing that Plaintiff has failed to propound any discovery on Defendants, has not taken or requested any depositions, and has willfully failed to supplement her discovery responses. Defendants argue that they made repeated good faith efforts to move discovery forward, including diligently pursuing Plaintiff's answers to interrogatories and responses to requests for production. Defendants also report that on December 27, 2018, the day before Plaintiff's deposition was set to take place, Plaintiff's counsel advised for the first time that Plaintiff had been deposed in the criminal case pending against Defendant Christopher Jones and had a copy of the transcript. Defendants maintain that counsel also disclosed at that time previously unknown names of multiple other witnesses who had also been deposed in the criminal case. As a result of these disclosures, Defendants requested that the deposition be continued. Now, Defendants state that Plaintiff has failed to supplement her discovery responses to include this new information, and the parties have been unable to agree to a new deposition date.

Plaintiff in her response argues that her conduct in this case does not constitute a failure to prosecute. She maintains that she is under no obligation to propound discovery on Defendants or take any depositions. She also maintains that while preparing for

Plaintiff's deposition, "it became known that there were three other individuals that had intimate knowledge of Defendants' actions." ECF No. 67. Plaintiff asserts that her attorney promptly contacted Defendants' counsel and disclosed this information. Plaintiff argues that Defendants could have proceeded with Plaintiff's deposition, but instead chose to cancel the deposition. Lastly, Plaintiff asserts that she has provided numerous alternative dates for Plaintiff's deposition to take place, but that counsel for Defendants have not agreed to any of the alternatives.

In her motion to amend the Case Management Order, Plaintiff requests a 90-day extension of the mediation deadline, which "would allow for discovery to progress." However, the Court will interpret Plaintiff's motion to also request the extension of other necessary deadlines, including the discovery deadline, which passed on January 30, 2019, and the deadline for filing dispositive motions. Defendant did not file a response to Plaintiff's motion to amend.

## DISCUSSION

A district court may, in its discretion, dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to prosecute or to comply with the Federal Rules or a court order. *Smith v. Gold Dust Casino*, 526 F.3d 402, 404 (8th Cir. 2008). A district court's dismissal for failure to prosecute or comply with court orders is reviewed for abuse of discretion. *Good Stewardship Christian Ctr. v. Empire Bank,* 341 F.3d 794, 797 (8th Cir. 2003). When determining whether the district court abused its discretion in dismissing an action, the Eighth Circuit "employs a balancing test that focuses foremost

upon the degree of egregious conduct which prompted the order of dismissal and to a lesser extent upon the adverse impact of such conduct upon both the defendant and the administration of justice in the district court." *Rodgers v. The Curators of the Univ. of Mo.,* 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations and citation omitted). "The sanction imposed by the district court must be proportionate to the litigant's transgression." *Smith*, 526 F.3d at 404 (internal citations omitted).

Here, although Plaintiff has not propounded discovery, has sought extensions of time to complete discovery, and has failed to file a designation of neutral despite having obtained two extensions of time to do so, her actions do not rise to the level of such egregious conduct sufficient to dismiss this action. Defendants have not filed any motions to compel, and they have consented to Plaintiff's requests to continue deadlines. Moreover, this is not a case where the litigant flagrantly disregarded or ignored advance warning from the Court that failure to comply with discovery deadlines would result in dismissal with prejudice. Therefore, Defendants' motion to dismiss for failure to prosecute will be denied.

However, "[a]ll parties . . . have an affirmative duty to respond to discovery requests and make reasonable, diligent efforts to produce truthful, discoverable information." *Marquette Bus. Credit, Inc. v. Gleason*, No. 14-CV-354 (MJD/LIB), 2015 WL 12776599, at *3 (D. Minn. Jan. 30, 2015) (citing Fed. R. Civ. P. 26, 33(b)(1)(A), 34(b)(2)). The Court has carefully reviewed the filings in this case and notes that Plaintiff has failed to diligently supplement her responses to Defendants' discovery. For instance,

Plaintiff in interrogatories 12, 15, 16, 17, 18, 19, 20, and 21 claims that she is "still conducting discovery and obtaining information at this time" and that she will "supplement her answer once her discovery and investigation are complete." ECF No. 67-4. However, Plaintiff maintains that she has propounded no discovery on Defendants and argues that she is not obligated to do so.

Thus, upon consideration, the Court will grant in part Plaintiff's motion to amend the Case Management Order to allow the parties a very limited time period to complete discovery and obtain the information necessary to conclude this litigation. The Case Management Order will be amended as follows, and will be modified only upon a showing of exceptional circumstances:

### **AMENDED CASE MANAGEMENT ORDER**

1. The parties shall have forty-five (45) additional days, up to and including **March 25, 2019**, to complete all discovery.

2. Plaintiff will supplement her discovery responses on or before **March 1, 2019**.

3. Plaintiff's deposition will be taken on or before **March 11, 2019**, or such later date as shall be designated by Defendants.

4. The Designation of Neutral/Conference Report will be filed on or before **March 15, 2019**. ADR shall be completed on or before **April 5, 2019**. Plaintiff's counsel is designated as lead counsel for the filing of the Report.

5. Any motions for summary judgment or motions for judgment on the pleadings must be filed no later than **May 7, 2019**. Responses shall be filed no later than 28

days after the motion is filed (and no later than **June 4, 2019**) and any reply may be filed no later than 14 days thereafter (and no later than **June 18, 2019**).

6. Any motions under *Daubert* shall be filed no later than **May 7, 2019**.

7. Trial is reset for **September 9, 2019**. This is a **three** week docket. All deadlines relating to pre-trial submissions shall relate to this new trial date.

Plaintiff is specifically advised that any failure to timely supplement her discovery responses, make Plaintiff available for her deposition, or otherwise comply with this Order could result in the imposition of sanctions, including the dismissal of Plaintiff's claims.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss for failure to prosecute is **DENIED**. ECF No. 64.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend the Case Management Order is **GRANTED** in part, as set forth in this Order. ECF No. 66.

**IT IS FURTHER ORDERED** that the trial date of August 12, 2019, is **VACATED**, and trial is **RESET** for **September 9, 2019**.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 12th day of February, 2019.